IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **WILLIAM PARKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CIVIL ACTION** |
| | ) **FILE NO:**_____ |
| **PATRICK "PAT" LABAT,** | ) |
| **Individually and his official** | ) **JURY TRIAL DEMANDED** |
| **capacity as Sheriff of Fulton** | ) |
| **County, Georgia, FULTON** | ) |
| **COUNTY, Georgia,** | ) |
| **FULTON COUNTY SHERIFF'S** | ) |
| **OFFICE,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW, William Parker, ("Plaintiff " or "Mr. Parker")  Plaintiff in the above styled action, by and through undersigned counsel, and brings this Complaint for Damages against the above-named Defendants, and respectfully shows this Court the following:

## JURISDICTION AND VENUE

1.

Jurisdiction is conferred on this Court via 28 U.S.C. §§1331 and 1343.

2.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §90(b)(6) and 1391 because the Defendants reside in this judicial district and division, and the Plaintiffs' claims arose in this judicial district and division.

## PARTIES

3.

Plaintiff William Parker is a male citizen of the United States who, at all times relevant to this action, was employed in the Fulton County Sheriff's Office. Until the involuntary termination of his employment on April 1, 2024, Plaintiff Parker was a "public employee" within the meaning of O.C.G.A. §45-1-4(a)(3).

4.

The Defendant Patrick "Pat" Labat ("Defendant Labat") is the elected official of Fulton County, Georgia. Defendant Labat is being sued in both his individual and official capacities. Defendant Labat can be served with process at his business address of 185 Central Ave SW, Atlanta, GA 30303.

5.

In his official capacity as Sheriff of Fulton County, Defendant is an independent Constitutional Officer of Fulton County and as such is the final policymaking and decision making official of Fulton County with regard to all matters arising within the Fulton County Sheriff's Office ("FCSO"), including the

hiring, firing, and terms and conditions of employment of all persons employed in the FCSO.

6.

Defendant Labat, in his official capacity as Sheriff of Fulton County, is possessed of the authority to sue and be sued under the laws of the State of Georgia. All of Defendant Labat's actions complained of herein were undertaken as an agent and officer of the FCSO and/or Fulton County.

7.

The Defendant, Fulton County, Georgia, is a political subdivision of the State of Georgia and is a legal entity that may sue and be sued under Georgia law. Fulton County is an indispensable party to this action under Fed. R. Civ. P. 19, due to its obligation and duty under Georgia law to provide all funds necessary to the operation of the FCSO.

8.

Fulton County may be served with process via service on Rob Pitts, the Chairman of the Fulton County Board of Commissioners at this business address of 141 Pryor Street, 10 floor, Atlanta, Georgia, 30303.

9.

The Fulton County Sheriff's Office ("FCSO"), though a branch of Fulton County government, is an "unincorporated association" within the meaning of Fed. R. Civ. P. 17 and/or constitutes a separate and distinct legal entity capable of suing and being sued under the laws of the State of Georgia. Defendant FCSO may be served with process via service on Defendant Labat at his business address of 185 Central Ave SW, Atlanta, GA 30303.

10.

At all times relevant to this action, Defendants Labat and Fulton County LCSO were "public employers" within the meaning of O.C.G.A. §45-1-4(a)(4) and were "employers" and "joint employers" within the meaning of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Family Medical Leave Act.

11.

All of the actions complained of herein were taken under color of state and local law, pursuant to the policy and custom of the Fulton County Sheriff's Office and/or Defendant Labat, acting in his official capacity as Sheriff of Fulton County as an agent acting for the other named Defendant.

12.

Defendant  Labat (in his official capacity) and Fulton County CSO are or

were at the relevant times, Plaintiffs' "employers" or "joint employers" in that each

of the Defendants possessed and/or exercised varying degrees of control and

authority regarding the terms and conditions of Plaintiffs' employment and/or the

specific events complained of herein.

## COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

13.

On July 12, 2024, Mr. Parker sent his  Ante Litem Notice, pursuant to

O.C.G.A. § 50-20-26, to the Fulton County Commissioners, outlining the

violations of Mr. Parker's rights under the Fourth and Fourteenth Amendment of

the United States Constitution, under 42 U.S.C. § 1983, and various state laws.

(See Exhibit 1).

14.

On September 12, 2024, Mr. Parker filed his charge of Discrimination with

the Equal Employment Opportunity Commission ("EEOC"). (See Exhibit 2). On

April 22, 2025, Plaintiff received notification via email from the EEOC

investigator that his right to sue had been issued. (See Exhibit 3). Plaintiff never received the actual Notice of the Right To Sue.

15.

Within the current or preceding calendar year with respect to the discrimination alleged herein, Defendant FCSO employed in excess of 500 employees for at least twenty (20) weeks.

## FACTUAL ALLEGATIONS PERTINENT TO PLAINTIFF

16.

During the election for the position of Sheriff of Fulton County held during 2024, the Plaintiff supported the candidacy of, and/or was associated/affiliated with Defendant Labat's opponent, facts which were known to Defendant Labat at all times relevant to this action.

17.

During the 2024 Campaign for the position of Sheriff of Fulton County, Plaintiffs Parker engaged in constitutionally protected speech activities, including not limited to, expressive activity regarding a matter of public concern, to wit: publicly endorsing and actively speaking out in favor of the candidacy of James T. Brown for election of Sheriff.

18.

Mr. Parker campaigned for Brown in the 2024 election by urging people to vote for him, putting out campaign signs, handing out literature, and attending campaign events. Mr. Parker expressed his view on numerous occasions that Brown was better qualified than Defendant Labat to hold the office of sheriff.

19.

Defendant Labat was aware, prior to April 2024, that Plaintiff Parker engaged in the constitutionally protected speech activities referenced above. Defendant Labat constructively terminated the employment of the Plaintiff which action was substantially motivated by the protected Speech activities referenced above.

20.

At all times relevant to this action, the positions occupied by the Plaintiff in The Sheriff's Office did not require personal or political loyalty to the holder of the Office of Sheriff. The Office of Sheriff did not involve "policy making" functions, did not involve a close working relationship with the Sheriff, and involved only ministerial duties defined by law.

21.

Before Defendant Labat's election, he took, or caused to be taken, various adverse employment actions against the Plaintiff. On April 2, 2024, Mr. Parker was forced to resign from the Sheriff's Office.

22.

The adverse actions against the Plaintiff included involuntary termination of employment by or at the direction of Defendant Labat. Reassignment of job duties and greater surveillance and supervision of Plaintiff Parker.

23.

The plaintiff was notified by a supervisor that Defendant Labat was relieving him from duty.

24.

The involuntary termination of the plaintiff was substantially motivated by Plaintiffs' political affiliation/association with Defendant Labat's opponent in the 2024 election for the position of Sheriff, his age, and in retaliation for the exercise of his  constitutional rights.

25.

On or about April 12, 2025, the Plaintiff filed a charge of discrimination

with the United States EEOC. In this regard, Plaintiff Parker alleged a violation of

the Age Discrimination in Employment Act of 1967 (ADEA) conduct that is

protected by Title VII.

26.

The actions of the Defendants complained of herein were accomplished

under color of state and local law.

27.

The actions of the Defendants complained of herein were accomplished

pursuant to the policy and/or custom of Fulton County, Georgia and/or the Fulton

County Sheriff's Office.

28.

Upon information and belief, Defendant Labat opposed the return of older

retired sheriffs to the FCSO, under the 1040 program.

29.

At all pertinent times, by virtue of his position as Deputy III in the Sheriff's

Office, Mr. Parker's duties included transporting inmates from Fulton County Jail

to Fulton County Court, transporting inmates from other County Jails to Fulton

County Jail, and transporting prisoners from out of state to the Fulton County Jail.

30.

Plaintiff Parker's involuntary termination was due to his political affiliation/association with Defendant Labat's opponent in the 2024 election for the position of Sheriff. Mr. Parker openly supported and participated in the campaign of Defendant Labat's opponent.

31.

Plaintiff Parker's support and participation in the campaign of Defendant Labat's opponent was  known to Defendant Labat at all times relevant to this action.

32.

Upon information and belief, Defendant Labat's opponent was over 40 years old and retired from the sheriff's office.

33.

Defendants engaged in a blatant effort to forced Mr. Parker to resign by way of a sustained campaign of intimidation and harassment including but not limited to unwarranted and unexplained diminution of his duties, deviations from the established chain of command such that he was ignored by his superiors who dealt directly with his subordinates (thereby greatly undermining his authority), and

rude, insulting, intimidating and confrontational interrogations and other encounters with superiors.

34.

Defendants' pre-termination conduct with regard to Plaintiff Parker constituted a constructive demotion and an actionable pattern of harassment based on age, rendered unlawful by Title VII, and refusal to commit acts rendered unlawful by Title VII.

35.

In addition to the motivations specified above, Defendant's Involuntary termination of employment was motivated by:

(a) his age;

(b) his opposition to practices rendered unlawful under Title VII; and

(c) his familial and political association with Defendant Labat's opponent in the 2024 election for the position of Sheriff.

36.

The retaliatory adverse actions taken against Plaintiff are identified above were such that a reasonable person in his position would be deterred from engaging in conduct protected by the First Amendment to the United States Constitution, by Title VII of the Civil Rights Act of 1964.

37.

The actions taken against Plaintiff were willful and deliberate, and were in conscious disregard for Plaintiff's constitutional and statutory rights, and were such that no reasonable public official in Defendant Labat's position could rationally believe they were lawful.

38.

As a consequence of the Defendants' unlawful actions set forth above, Plaintiff Has suffered lost wages and benefits of employment.

39.

As a consequence of the Defendants' unlawful conduct described above, Plaintiff has suffered severe mental and emotional distress, pain and suffering, and diminished reputation and standing in the community.

40.

The conduct of Defendant Labat, individually, was willful, deliberate and intentional and in conscious disregard of Plaintiffs' rights under federal and Georgia law, thereby authorizing an award of punitive damages against Defendant Labat.

## LEGAL ALLEGATIONS

### Count One

### 42 U.S.C. §1983 Violations Of Plaintiffs'
### First Amendment Right Of Freedom Of Political Affiliation.

41.

Defendants' taking of the adverse employment actions set forth above constitutes a violation of his right to freedom of political association/affiliation 42 U.S.C. §1983.

### Count Two

### 42 U.S.C. §1983 Violations Of Plaintiff's
### First Amendment Right Of Freedom Of Familial Association

42.

Defendants' termination of Plaintiff Parker's employment constitutes a violation of his right to freedom of familial association under the First Amendment to the United States Constitution, actionable under 42 U.S.C. §1983.

### Count Three

### Violation of the Age Discrimination In Employment Act

43.

Defendants Fulton County, FCSO and Defendant Labat in his official capacity, age-based termination of the employment of Plaintiff Parker constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq.

44.

As set forth above, the defendant, Fulton County and FCSO, are employers under the ADEA.

## Count Four:

## Violation of Plaintiffs' First Amendment Right Of Free Speech

45.

Plaintiffs' speech and expressive activities during the 2024 campaign for Sheriff constituted speech on a matter of public concern, and as such, was protected by the First Amendment.

46.

Plaintiffs' interests in speaking out in favor of the candidate for public office his choice greatly outweighs any claimed interest of Defendant Labat in disciplining Plaintiff for having engaged in such expressive activities.

47.

Defendants' termination of Plaintiffs' employment in retaliation for his protected speech on matters of public concern constitutes violation of his right of free speech under the First Amendment, actionable pursuant to 42 U.S.C. §1983.

48.

Plaintiff Parker is a member of a protected class based on his age, as he was

64 years old at the time of his involuntary termination. Plaintiff Parker was

subjected to adverse actions when he was involuntarily terminated.

49.

Plaintiff Parker was treated less favorably than individuals outside his

protected class based on age and/or Plaintiff was replaced by an individual outside

of his protected class based on age.

50.

Plaintiff Parker suffered damage as a result of age discrimination when he

was suspended and then terminated.

## Count Five:

## Retaliation "Speech-Expression" Claim

51.

As discussed above, Mr. Parker's engagement in campaign speech against

Sheriff Labat was an open expression of ideas and political speech.

52.

The retaliatory adverse actions taken against Plaintiff Parker are identified

above were such that a reasonable person in his  position would be deterred from

engaging in conduct protected by the First Amendment to the United States
Constitution, by Title VII of the Civil Rights Act of 1964. Act.

53.

The actions taken against Plaintiff Parker were willful and deliberate, and
were in conscious disregard for Plaintiff Parker's constitutional and statutory
rights, and were such that no reasonable public official in Defendant Labat's
position could rationally believe they were lawful.

54.

Mr. Parker was constructively discharged  in retaliation for exercising his
free speech, the Defendant's actions were a violation of his First Amendment free
speech rights.

**WHEREFORE, Plaintiff demands judgment as follows:**

(a) that the Defendants be served with a copy of this Complaint and process
as provided by law;

(b) trial by Jury

(c ) that Plaintiff recover from Defendants Patrick "Pat" Labat in his official
capacity, LCSO, and Fulton County, special damages, including but not limited to
lost wages and benefits of employment, including diminished retirement/pension
benefits;

(d) that Plaintiff recover from Defendants for all Plaintiff general damages for mental and emotional distress;

(e) that Plaintiff recover from all Defendants prejudgment interest;

(f) that Plaintiff recover punitive damages against the individual defendant (Patrick "Pat" Labat);

(g) that the Plaintiff receive liquidated damages for the Defendants' violations of his rights under the ADEA;

(h) that Plaintiff recover their costs and reasonable attorney's fees pursuant to Title VII; the ADEA; the ADA; 42 U.S.C. §1988 and O.C.G.A. Sec. 13-6-11 and 45-1-4;

(i) that a Declaratory judgment be entered to the effect that the actions complained of above were motivated by considerations made unlawful under federal and state law;

(j) that Plaintiff receive mandatory injunctive relief requiring that he be reinstated to his former positions of employment, with full backpay, benefits, and seniority;

(k) that Plaintiff receive injunctive relief specifically requiring Defendants to cease and discontinue their practice of considering and relying on unlawful factors such age, political and familial association/affiliation, age, and/or legally protected speech or associational activity in their making of employment decisions; and Defendants' constructive demotion and termination of Plaintiff Parker in retaliation for protected opposition and participation activity constitute violations of law;

(l) that Defendants be temporarily, preliminarily, and permanently enjoined from committing further unlawful acts of retaliation and discrimination; and

(m) Such other and further relief as the Court deems just and proper.

This 8  day of July, 2025.

Respectfully submitted,

**THE BURKE LAW GROUP, LLC**

By: /s/ E. Earle Burke
E. Earle Burke
Ga. Bar No. 095550
Attorney for Plaintiff

199 Peters Street, Suite A
Atlanta, Georgia 30313
Telephone: (404) 688-1210
Facsimile: (404) 688-1251
Email: eburke@burkelawatl.com



U.S. Postal Service
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$ 4.40

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ .68

Total Postage and Fees
$ 8.73

Sent To
Hon. Bob Ellis

Street and Apt. No., or PO Box No.
141 Pryor Street 10 floor

City, State, ZIP+4®
Atlanta, GA 30313

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

199 Peters St.
Suite A
Atlanta GA 30313

p. 404 688 1210
f. 404 688 1251
www.burkelawatl.com

: 7020 1290 0000 8863 4259

SENT VIA CERTIFIED MAIL ONLY: 7020 1290 0000 8863 4242
Hon. Khadijah Abdur-Rahman
Commissioner
141 Pryor Street
10th floor
Atlanta, GA 30303

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 50-20-26

RE:   **Our Client: WILLIAM PARKER JR.**
      **Date of Loss: April 2, 2024**

To the Hon. Bob Ellis:

Please be advised that this office represents William Parker Jr. Please accept this letter as the Ante Litem Notice, pursuant to O.C.G.A. § 50-20-26, of claims against the Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of William Parker Jr. by the Fulton County Sheriff's Office.

As required in the statute, please find the following:

A. The name of the state government entity responsible for the acts or omissions which are asserted as the basis of the claim is the Fulton County Sheriff;

B. The date of the occurrence out of which the loss arose is April 2, 2024.

C. The place where the loss arose is at Fulton County Jail;

D. The nature of the loss suffered includes, but is not limited to, physical injury, mental and emotional and financial;

E. The amount of the loss claimed is approximately $500,000; and

**PLAINTIFF'S EXHIBIT**
**1**



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee  $ 4.40

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)        $ 3.65
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark Here

Postage  $ .68

Total Postage and Fees  $ 8.73

Sent To   Hon. Bridget Thorne
Street and Apt. No., or PO Box No.  141 Pryor Street 10 Floor
City, State, ZIP+4®  Atlanta, GA 30303

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

199 Peters St.
Suite A
Atlanta GA 30313

p. 404 688 1210
f. 404 688 1251
www.burkelawatl.com

: 7020 1290 0000 8863 4259

*SENT VIA CERTIFIED MAIL ONLY*: 7020 1290 0000 8863 4242

Hon. Khadijah Abdur-Rahman
Commissioner
141 Pryor Street
10th floor
Atlanta, GA 30303

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 50-20-26

### RE:    Our Client: WILLIAM PARKER JR.
### Date of Loss: April 2, 2024

To the Hon. Bridget Thorne:

Please be advised that this office represents William Parker Jr. Please accept this letter as the Ante Litem Notice, pursuant to O.C.G.A. § 50-20-26, of claims against the Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of William Parker Jr. by the Fulton County Sheriff's Office.

As required in the statute, please find the following:

A. The name of the state government entity responsible for the acts or omissions which are asserted as the basis of the claim is the Fulton County Sheriff;

B. The date of the occurrence out of which the loss arose is April 2, 2024.

C. The place where the loss arose is at Fulton County Jail;

D. The nature of the loss suffered includes, but is not limited to, physical injury, mental and emotional and financial;

E. The amount of the loss claimed is approximately $500,000; and

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 4.40

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $ 3.45
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ .68

Total Postage and Fees
$ 8.73

Sent To
Hon. Dana Barrett

Street and Apt. No., or PO Box No.
141 Pryor Street 10 Floor

City, State, ZIP+4®
Atlanta, GA 30303

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

: 7020 1290 0000 8863 4259

SENT VIA CERTIFIED MAIL ONLY: 7020 1290 0000 8863 4242

199 Peters St.    p. 404 688 1210
Suite A           f. 404 688 1251
Atlanta GA 30313  www.burkelawatl.com

Hon. Khadijah Abdur-Rahman
Commissioner
141 Pryor Street
10th floor
Atlanta, GA 30303

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 50-20-26

RE:    Our Client: WILLIAM PARKER JR.
       Date of Loss: April 2, 2024

To the Hon. Dana Barrett:

Please be advised that this office represents William Parker Jr. Please accept this letter as the Ante Litem Notice, pursuant to O.C.G.A. § 50-20-26, of claims against the Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of William Parker Jr. by the Fulton County Sheriff's Office.

As required in the statute, please find the following:

A. The name of the state government entity responsible for the acts or omissions which are asserted as the basis of the claim is the Fulton County Sheriff;

B. The date of the occurrence out of which the loss arose is April 2, 2024.

C. The place where the loss arose is at Fulton County Jail;

D. The nature of the loss suffered includes, but is not limited to, physical injury, mental and emotional and financial;

E. The amount of the loss claimed is approximately $500,000; and

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Fee $ 4.40

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)          $ 3.65
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage $ .69

Total Postage and Fees $ 8.77

7020 1290 0000 8863 4242

Sent To
Hon. Natalie Hall

Street and Apt. No., or PO Box No.
141 Pryor Street 10Flour

City, State, ZIP+4®
Atlanta, GA 30303

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 50-20-26

**RE:    Our Client: WILLIAM PARKER JR.**
**Date of Loss: April 2, 2024**

To the Hon. Natalie Hall:

Please be advised that this office represents William Parker Jr. Please accept this letter as the Ante Litem Notice, pursuant to O.C.G.A. § 50-20-26, of claims against the Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of William Parker Jr. by the Fulton County Sheriff's Office.

As required in the statute, please find the following:

A. The name of the state government entity responsible for the acts or omissions which are asserted as the basis of the claim is the Fulton County Sheriff;

B. The date of the occurrence out of which the loss arose is April 2, 2024.

C. The place where the loss arose is at Fulton County Jail;

D. The nature of the loss suffered includes, but is not limited to, physical injury, mental and emotional and financial;

E. The amount of the loss claimed is approximately $500,000; and

F. The act of omission(s) which caused the loss was the wrongful termination of Mr. Parker.

Depending on the results of our further investigation, we intend to file suit based on various grounds against Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of Mr. Parker.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $ 9.40

Extra Services & Fees (check box, add fee as appropriate) $ 3.65
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark Here

Postage $ .68

Total Postage and Fees $ 8.73

Sent To Hon Khadijah Abdur Rahman

Street and Apt. No., or PO Box No. 141 Pryor St. 6 Fluur

City, State, ZIP+4® Atlanta GA 30303

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

*7020 1290 0000 8863 4242*

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 50-20-26

RE:   **Our Client: WILLIAM PARKER JR.**
       **Date of Loss: April 2, 2024**

To the Hon. Khadijah Abdur-Rahman:

Please be advised that this office represents William Parker Jr. Please accept this letter as the Ante Litem Notice, pursuant to O.C.G.A. § 50-20-26, of claims against the Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of William Parker Jr. by the Fulton County Sheriff's Office.

As required in the statute, please find the following:

A.  The name of the state government entity responsible for the acts or omissions which are asserted as the basis of the claim is the Fulton County Sheriff;

B.  The date of the occurrence out of which the loss arose is April 2, 2024.

C.  The place where the loss arose is at Fulton County Jail;

D.  The nature of the loss suffered includes, but is not limited to, physical injury, mental and emotional and financial;

E.  The amount of the loss claimed is approximately $500,000; and

F.  The act of omission(s) which caused the loss was the wrongful termination of Mr. Parker.

Depending on the results of our further investigation, we intend to file suit based on various grounds against Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of Mr. Parker.

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$ 4.40

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)     $ 3.65
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required     $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage   .68
$

Total Postage and Fees
$ 8.73

Sent To  Hon. Marvin S. Arrington, Jr.
Street and Apt. No., or PO Box No.  141 Pryor Street  10 Flor
City, State, ZIP+4®  Atlanta GA 30303

: 7020 1290 0000 8863 4242

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 50-20-26

**RE:     Our Client: WILLIAM PARKER JR.**
**Date of Loss: April 2, 2024**

To the Hon. Marvin S. Arrington, Jr.:

Please be advised that this office represents William Parker Jr. Please accept this letter as the Ante Litem Notice, pursuant to O.C.G.A. § 50-20-26, of claims against the Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of William Parker Jr, by the Fulton County Sheriff's Office.

As required in the statute, please find the following:

A. The name of the state government entity responsible for the acts or omissions which are asserted as the basis of the claim is the Fulton County Sheriff;

B. The date of the occurrence out of which the loss arose is April 2, 2024.

C. The place where the loss arose is at Fulton County Jail;

D. The nature of the loss suffered includes, but is not limited to, physical injury, mental and emotional and financial;

E. The amount of the loss claimed is approximately $500,000; and

F. The act of omission(s) which caused the loss was the wrongful termination of Mr. Parker.

Depending on the results of our further investigation, we intend to file suit based on various grounds against Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of Mr. Parker.

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | |
| $ 4.40 | |
| Extra Services & Fees (check box, add fee as appropriate) | $ 3.65 |
| ☑ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | |
| $ .68 | |
| Total Postage and Fees | |
| $ 8.73 | |

Postmark
Here

*· 7020 1290 0000 8863 4242*

Sent To Hon. Robb Pitts

Street and Apt. No., or PO Box No. 141 Pryor Street

City, State, ZIP+4® Atlanta GA 30303

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

## NOTICE OF CLAIM PURSUANT TO O.C.G.A. § 50-20-26

> **RE:**   **Our Client: WILLIAM PARKER JR.**
> **Date of Loss: April 2, 2024**

To the Hon. Robb Pitts:

Please be advised that this office represents William Parker Jr. Please accept this letter as the Ante Litem Notice, pursuant to O.C.G.A. § 50-20-26, of claims against the Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of William Parker Jr, by the Fulton County Sheriff's Office.

As required in the statute, please find the following:

A.  The name of the state government entity responsible for the acts or omissions which are asserted as the basis of the claim is the Fulton County Sheriff;

B.  The date of the occurrence out of which the loss arose is April 2, 2024.

C.  The place where the loss arose is at Fulton County Jail;

D.  The nature of the loss suffered includes, but is not limited to, physical injury, mental and emotional and financial;

E.  The amount of the loss claimed is approximately $500,000; and

F.  The act of omission(s) which caused the loss was the wrongful termination of Mr. Parker.

Depending on the results of our further investigation, we intend to file suit based on various grounds against Fulton County Sheriff, Labat, and any other officials involved in the wrongful termination of Mr. Parker.

| | |
|---|---|
| **From:** | William Parker |
| **To:** | Earle Burke |
| **Subject:** | Fwd: PYour Charge of Discrimination is Signed / El Cargo de Discriminación está Firmado |
| **Date:** | Wednesday, September 18, 2024 4:53:00 PM |

Sent from my iPhone

Begin forwarded message:

**From:** EEOC <no-reply@service.eeoc.gov>
**Date:** September 12, 2024 at 9:50:33 AM EDT
**To:** "Mr. William Parker" <wparker1906@me.com>
**Subject: PYour Charge of Discrimination is Signed / El Cargo de Discriminación está Firmado**



### U.S. Equal Employment Opportunity Commission
**Atlanta District Office**
100 Alabama Street, SW Suite 4R30 Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

09/12/2024

Mr. William Parker Jr.
251 Lakeview Place Lakeview Place STOCKBRIDGE, GA 30281

Re:  Mr. William Parker Jr. v. Fulton County Sheriff's Office
       EEOC Charge Number: 410-2024-13206

Dear Mr. William Parker Jr.,

This is to acknowledge receipt of your EEOC charge of discrimination, which has been filed under the following statute(s):

The Age Discrimination in Employment Act of 1967 (ADEA).

We will contact you when we need more information. A notice of the charge will be sent to the organization you filed the charge against. Many states, counties, cities, and towns have their own laws prohibiting discrimination and responsible for enforcing those laws. These agencies are referred to as Fair Employment Practices Agencies (FEPAs). Usually, the laws enforced by these agencies are similar to those enforced by the EEOC. If the charge is initially filed with the EEOC and the charge is also covered by state or local law, the EEOC dual files the charge with the state or local FEPA (meaning the FEPA will receive a copy of the charge).

Please use the EEOC charge number listed at the top of this email whenever you


PLAINTIFF'S EXHIBIT 2

or your attorney (if you have one) contact us about this charge. Please notify the EEOC's Atlanta District Office of any change to your or your attorney's contact information or if you either of you will ever be unavailable for a long time. Failure to cooperate may lead to dismissal of the charge.

The quickest and most convenient way for your or your attorney to obtain the status of your charge and to submit documents is to use the EEOC Public Portal.

Sincerely,

NICOLE DIGGS
INVESTIGATOR
NICOLE.DIGGS@EEOC.GOV
(470) 531-4787



## Comisión para la Igualdad de Oportunidades en el Empleo de los Estados Unidos

Asunto:Mr. William Parker Jr. v. Fulton County Sheriff's Office
    Número de cargo de la EEOC: 410-2024-13206

Estimado(a): Mr. William Parker Jr.,

Este documento sirve para confirmar que hemos recibido su cargo de discriminación de la EEOC, que ha sido presentado bajo la(s) siguiente(s) ley(es):

The Age Discrimination in Employment Act of 1967 (ADEA).

Nos pondremos en contacto con usted cuando necesitemos más información. Se enviará una notificación del cargo a la organización contra la que presentó el mismo. Muchos estados, condados, ciudades y pueblos tienen sus propias leyes que prohíben la discriminación y son responsables de hacerlas cumplir. Estas agencias se denominan Agencias de Prácticas de Empleo Justas (FEPA, por sus siglas en inglés). Normalmente, las leyes que hacen cumplir estas agencias son similares a las que hace cumplir la EEOC. Si el cargo se presenta inicialmente ante la EEOC y también está cubierto por la legislación estatal o local, la EEOC presenta el cargo ante la FEPA estatal o local (lo que significa que la FEPA recibirá una copia del cargo).

Utilice el número de cargo de la EEOC que aparece en la parte superior de este correo electrónico siempre que usted o su abogado (si tiene uno) se pongan en contacto con nosotros en relación con este cargo. Por favor, notifique la Atlanta District Office de la EEOC de cualquier cambio en su información de contacto o en la de su abogado, o si alguno de los dos no va a estar disponible en algún momento durante mucho tiempo. La falta de cooperación puede dar lugar a la desestimación del cargo.

La forma más rápida y cómoda para que usted o su abogado obtengan el estado de su cargo y presenten documentos es utilizar el Portal público de la EEOC.

Atentamente,

Comisión de Igualdad de Oportunidades en el Empleo (EEOC)

NICOLE DIGGS
INVESTIGATOR
NICOLE.DIGGS@EEOC.GOV
(470) 531-4787

Cc:

| | |
|---|---|
| **From:** | William Parker |
| **To:** | Earle Burke |
| **Subject:** | Fwd: Case# 410-2024-13206 |
| **Date:** | Monday, April 21, 2025 10:44:42 AM |

Sent from my iPhone

Begin forwarded message:

> **From:** KHANH TRAN <KHANH.TRAN@eeoc.gov>
> **Date:** April 21, 2025 at 10:31:30 AM EDT
> **To:** William Parker <wparker1906@me.com>
> **Subject: RE: Case# 410-2024-13206**
>
> Good morning Mr. Parker,
>
> Your case was closed.
>
> Best Regards,
> Khanh Tran
>
> -----Original Message-----
> From: William Parker <wparker1906@me.com>
> Sent: Monday, April 14, 2025 5:49 PM
> To: KHANH TRAN <KHANH.TRAN@EEOC.GOV>
> Subject: Case# 410-2024-13206
>
> [You don't often get email from wparker1906@me.com. Learn why this is
> important at https://aka.ms/LearnAboutSenderIdentification ]
>
> CAUTION: The sender of this message is external to the EEOC network. Please
> use care when clicking on links and responding with sensitive information.
> Forward suspicious emails to phishing@eeoc.gov.
>
> Mr. Tran I am trying to get an update on the case against the Sheriff of Fulton
> County.
> Thank you
>
>
> William Parker Jr
> 678-858-7762
> wparker1906@me.com
> Sent from my iPhone



PLAINTIFF'S
EXHIBIT

3